North Side Laundry Company, Appellant, *v.* Board of Property Assessment, Appeals and Review.

496

Argued November 17, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*Mahlon E. Lewis*, with him *Loyal H. Gregg* and *Gwilym A. Price, Jr.*, for appellant.

*Leonard Boreman*, Assistant County Solicitor, with him *Nathaniel K. Beck*, County Solicitor, for appellee.

OPINION BY HIRT, J., March 20, 1951:

The lower court dismissed plaintiff's appeal from the 1948 triennial assessment of its real estate, as approved by the Board of Property Assessment, Appeals and Review. In the assessment separate valuations were placed on the buildings and on the land as such.

The assessment value ascribed to the buildings and improvements is not questioned. The land itself was valued at $16,750. It is contended that this assessment of the land for tax purposes, in comparison with assessed valuations of residence properties in the neighborhood, was invalid because in violation of the requirement of uniformity of taxation enjoined by Article IX, §1, of the Constitution of Pennsylvania. Appellant maintains that in the assessment of these two classes of real property two different standards of value were applied.

Plaintiff's land is an assemblage of contiguous parcels acquired from time to time, fronting 297 feet on the north side of Winifred Street, between Success and Marvista Streets, in the City of Pittsburgh. The land has a uniform depth of 188 feet. It is in a section zoned by city ordinance as Class B. Residential. The entire property however is lawfully used by plaintiff for industrial purposes as a laundry, because its non-conforming use antedated the enactment of the zoning ordinance. As commercial property plaintiff's land, covering 56,000 square feet, was valued at the rate of 30 cents per square foot and was assessed on that basis. Appellant's complaint is that the valuation placed upon residence properties in the same neighborhood would indicate assessments at but 25 cents or less, per square foot if the same method were applied. This is appellant's sole ground for asserting a violation of the constitutional requirement of uniformity in taxation. The order must be affirmed.

A comparison of values of dissimilar properties cannot support a charge of lack of uniformity if their assessments for tax purposes conform to the same legal standard of valuation. The standard of valuation of property for assessment purposes, applicable here, as supplied by the Act of May 16, 1939, P. L. 143, amend-

ing §402 of the Act of May 22, 1933, P. L. 853, 72 PS §5020-402, is "the actual value thereof, and at such rates and prices for which the same would separately bona fide sell".

The purpose for which a property may be used to advantage has a direct relation with its *actual*, i.e., its market (*Suermann et al. v. Hadley, Treas.*, 327 Pa. 190, 205, 193 A. 645) value. *Chatfield et al. v. Board of Rev. of Taxes*, 346 Pa. 159, 163, 29 A. 2d 685. The value of a small parcel of land may be limited because adapted, or as here restricted by ordinance, to residence uses only. On the other hand a large tract of land may be relatively more valuable because suitable for commercial or industrial uses. And in measuring values of lands which differ in the uses to which they may be put, different methods may be employed by assessors to ascertain actual or market value for assessment purposes. In this instance the extensive area of appellant's land, useable, and actually in use, for business purposes has a bearing on its actual value and an assessment on a square foot basis is an appropriate method of determining that value. Commerce and industry require ground area and floor space. On the other hand, the residence properties in the neighborhood, referred to by appellant for the purpose of comparison, are small lots, for the most part with a depth of less than 50 feet. Some of the lots have a frontage of less than 17 feet on Winifred Street with a depth of but 48 feet. A not unusual method of computing values of residence properties is on the basis of foot frontage on the abutting street. And the value of the lots in question, exclusive of the improvements, was properly computed on the basis of $9 to $12 per front foot. There is no evidence of any other value.

We are in accord with this statement of appellee's counsel in criticism of the position taken by the ap-

pellant: "The basic and fundamental fallacy in appellant's contention is in its *assumption* that the application by the Board of a rate of 30 cents per square foot to appellant's property is the application of a different *standard* to its property from that applied to residential property. This assumption is patently erroneous for what the Board did was not to value appellant's land on the basis of any supposed classification or different standard, but to apply, in strict accordance with the statute and the decisions of this Court and the Supreme Court, *one standard,* viz, *actual value,* to appellant's land and find that it was *worth* 30 cents per square foot, while applying the *identical standard,* viz, *actual value,* to surrounding residential plots and find [if assessments by the foot front rule be translated into values based on area] that they were *worth* 17 to 25 cents per square foot." In short appellant in reality is asserting merely a difference in the method used in ascertaining value, and not lack of uniformity in standards of value in the assessment of lands of different character as to size and use. But regardless of the difference in method there was no difference in the *standard* of assessment of appellant's commercial property as compared with that of residence properties in the neighborhood. The difference is merely in the *indices* accepted as indicating actual or market value for assessment purposes.

Appellant offered no testimony and there is nothing in this record to indicate that the assessment of appellent's land or the assessments of the residence properties, with which it was compared, were other than at actual values. The record of an assessment made by proper officers approved by the board of revision is prima facie evidence on appeal to the court below of the value of the property. *Chatfield et al. v. Board of Rev. of Taxes,* supra. The findings and conclusions of

the court are not based on incompetent testimony nor on error of law. We therefore may not set aside the assessment in question. *Westbury Apartments, Inc., Appeal*, 314 Pa. 130, 170 A. 267.

Order affirmed.